UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD COLE, R50569, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:18-cv-02378 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| WALTER NICHOLSON, WARDEN of THE ) | |
| STATEVILLE CORRECTIONAL CENTER, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Richard Cole, currently incarcerated at Stateville Correctional Center, is serving a 130-year sentence, which includes 100 years for first degree murder and a consecutive term of 30 years for attempted first degree murder to be served concurrently with a 15 year term for attempted armed robbery. Cole has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cole raises the following issues in his petition: (1) there was insufficient evidence to prove that he acted with the requisite intent for first degree murder; (2) there was insufficient evidence to show he acted with the requisite intent for attempted first degree murder; (3) his trial counsel was ineffective for failing to request a jury instruction on a lesser-included offense; and (4) his appellate counsel was ineffective for not challenging his 130-year sentence as excessive on direct appeal. Because Cole has not shown that the Illinois Appellate Court unreasonably applied clearly established federal law, the Court denies Cole's petition [1].

**BACKGROUND**

The Court presumes that the state court's factual determinations are correct for the purpose of habeas review because Cole has not pointed to clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The

Court therefore adopts the state court's recitation of the facts and begins by summarizing the facts relevant to Cole's petition.

## I. Cole's Trial and Conviction

During a robbery in Chicago on September 28, 2001, a shooting occurred that injured Roberto Gonzalez and killed Pedro Rodriguez. Prosecutors charged Cole with the murder of Rodriguez, attempted murder of Gonzalez, and attempted armed robbery. Cole proceeded to a jury trial, and a judge sentenced him to 100 years' imprisonment for first degree murder, which includes a 50 year firearm enhancement provision, and a consecutive term of 30 years' imprisonment for attempted first degree murder to be served concurrently with a 15 year term for attempted armed robbery.

The evidence at trial established that around noon on September 28, 2001, Cole attempted to rob Gonzalez, the owner of a food truck, while Gonzalez and his co-worker Rodriguez were selling food to nearby mattress factory workers. According to his testimony, Gonzalez was holding about $1,000 in his hand when Cole approached him, pointed a gun at him, and said: "This is a stick up. Give me the money, I'll kill you." Doc. 12-5 at 52, 67. After Gonzalez refused to hand over the money, Cole fired the gun into the ground. Gonzalez continued to refuse to give Cole the money, and Cole shot him in the legs three times and attempted to run away. Rodriguez grabbed Cole's arm and tried to wrestle the gun away from Cole. During the struggle, Cole shot Rodriguez in the chest, and Rodriguez fell to the ground. When Cole tried to run away a second time, factory workers restrained him until the police arrived and arrested him.

Testimony at trial from factory workers corroborated this version of events. Luis Martinez testified that he witnessed Cole shoot Rodriguez. After observing another factory

worker hit Cole's gun, Martinez saw the cylinder fall out. Martinez and a few other workers next tried to restrain Cole while he pulled the gun's trigger. The gun did not discharge, however, because the cylinder was missing. The factory workers restrained Cole as he tried to reload the gun with more bullets that he had on his person. Augustine Herrera testified that Cole aimed the gun at him and his coworkers and pulled the trigger while they attempted to restrain him.

During his custodial interrogation, Cole confessed to the crime, and authorities memorialized his statement in writing. In the statement, Cole admitted to walking up to Gonzalez, poking him in the stomach with a gun, and demanding money. Cole shot Gonzalez in the leg twice and tried to run away, but Rodriguez wrestled with him to take his gun. Cole stated that the gun was in his hand during the struggle and he shot Rodriguez but did not do so on purpose. Several individuals jumped on Cole and held him down to prevent him from running away.

Tonia Brubaker, an expert in forensic science and firearms identification, testified that the murder weapon was a .32 caliber New England firearm and it worked in single-action and double-action modes. To fire in single-action mode, a person must cock the hammer and pull the trigger. To fire in double-action mode, the hammer is cocked, released, and reset when someone pulls the trigger. Brubaker determined that the gun required seven to seven-and-a-half pounds of pressure to pull the trigger in single-action mode and thirteen-and-a-half to fourteen pounds of pressure to pull the trigger in double-action mode.

Cole testified on his own behalf. Cole stated that he knew the handgun he was carrying was a deadly weapon that could kill or cause great bodily harm. Cole also testified that he knew the gun was loaded and ready to fire and that he had additional rounds of ammunition to protect himself. Cole explained that he approached the food truck for a pastry but changed his mind.

3

When Cole was walking away, Gonzalez accused him of stealing and grabbed his arm. Cole testified that he tried to pull away, but Gonzalez continued to grab him. Fearing for his safety, Cole shot at the ground to scare Gonzalez who continued to approach him. Cole then shot Gonzalez in his legs and attempted to run away. Rodriguez grabbed Cole, and they wrestled for the gun. During the struggle, Rodriguez grabbed the muzzle of the gun and the gun fired. In his testimony, Cole acknowledged that his finger was on the trigger when the gun fired but stated that he did not pull the trigger. Cole testified that he was trying to protect himself and did not shoot Rodriguez on purpose.

## II.     Direct Appeal

Cole appealed to the Illinois Appellate Court with the assistance of counsel and challenged the sufficiency of the evidence at trial for attempted first degree murder and first degree murder. Cole also claimed that his trial counsel provided ineffective assistance by failing to request a lesser-included instruction of involuntary manslaughter. On April 23, 2008, the Illinois Appellate Court affirmed Cole's conviction and declined to address Cole's ineffective assistance of counsel claim because the record did not indicate that Cole had the opportunity to decide whether his trial counsel should request the lesser-included instruction. Cole filed a petition for rehearing with the Illinois Appellate Court and argued that the record included facts that indicated his desire for an involuntary manslaughter instruction. The appellate court denied the petition. Cole then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court. The Illinois Supreme Court denied the PLA.

## III.    State Post-Conviction Proceedings

On June 11, 2009, Cole filed a *pro se* post-conviction petition pursuant to the Post-Conviction Hearing Act ("Act"). 725 Ill. Comp. Stat. § 5/122-1. Cole argued that his trial

counsel was ineffective for failing to inform him of his right to request an involuntary manslaughter instruction and his appellate counsel was ineffective for failing to challenge his 130-year sentence as excessive. The court dismissed Cole's petition because Cole already raised those arguments on direct appeal and the doctrine of *res judicata* therefore barred them. The Illinois Appellate Court affirmed and rejected both of Cole's claims on the merits.

Cole subsequently filed another PLA with the Illinois Supreme Court. In his PLA, Cole raised the following claims: (1) the sufficiency of evidence for his first degree murder and attempted first degree murder convictions; (2) ineffective assistance of trial counsel for failure to request an involuntary manslaughter instruction; (3) the excessiveness of his 130-year sentence; (4) the constitutionality of the firearm sentencing enhancement; and (5) the constitutionality of the consecutive sentencing scheme and considering an offender's age in sentencing. The Illinois Supreme Court denied Cole's PLA. Cole filed a federal habeas corpus petition in this Court on April 2, 2018.

## LEGAL STANDARD

A petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). An "unreasonable application" of

federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case. *See id*. at 407. Whether a state court's application of Supreme Court precedent is unreasonable is judged by an objective standard. *Id.* at 409; *Winston v. Boatwright*, 649 F.3d 618, 624 (7th Cir. 2011).

## ANALYSIS

Cole raises the following arguments in his petition. First, Cole contends that the evidence was insufficient to prove that he acted with the requisite intent for first degree murder and attempted first degree murder. Additionally, Cole argues that his trial counsel was ineffective for failing to advise him that he had the right to request an involuntary manslaughter instruction. Finally, Cole contends that his appellate counsel was ineffective for failing to challenge his 130-year sentence on direct appeal. The Court will address each argument in turn.

### I.     Insufficient Evidence

Evidence is sufficient to uphold a conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court may only grant Cole relief if the Illinois Appellate Court unreasonably applied the *Jackson* standard to the facts. *See Jones v. Butler*, 778 F.3d 575, 582 (7th Cir. 2015) (citing § 2245(d)(1)).

#### A.     Attempted First Degree Murder

Cole contends that the State failed to prove he had the specific intent necessary to sustain a conviction for attempted first degree murder. In support of this argument, Cole points to his statement that he never intended to kill Gonzalez. The State responds that a reasonable juror could have found that when Cole shot Gonzalez in the legs, he did so with "malice or total

disregard for human life." Doc. 11 at 7 (quoting *People v. Starks*, 546 N.E.2d 71, 77 (Ill. App. Ct. 1989)).

The Illinois Appellate Court found sufficient evidence to support Cole's conviction under *Jackson*. The court considered the following facts in its evaluation: Cole fired his gun three times at Gonzalez, tried to run away, and attempted to reload his gun to shoot at the factory workers who were restraining him. The court explained that the fact that Cole fired his gun three times at Gonzalez alone supported the jury's finding of intent to kill. Further, Cole's threatening words and actions supported a rational inference that his objective was to harm Gonzalez intentionally by discharging his firearm. The Illinois Appellate Court rejected Cole's argument that he did not have intent to kill because he shot Gonzalez in the legs instead of another place on the body. *See* Doc. 12-12 at 15 (citing *People v. Green*, 339 Ill. App. 3d 443, 451–52 (2003), and explaining that poor marksmanship is not a defense to attempted murder). Overall, the court concluded that Cole's challenge to the sufficiency of evidence for attempted first degree murder was without merit.

The Court finds that the Illinois Appellate Court reasonably applied the *Jackson* standard to the facts. Taken as a whole, the facts were sufficient to support Cole's conviction for attempted first degree murder. In addition to the facts stated above, Cole testified that he brought a loaded gun and extra ammunition to the crime scene for protection. Both Cole and Gonzalez testified that Cole pointed the loaded gun at Gonzalez and shot at him multiple times after Gonzalez refused to give Cole money. Gonzalez testified that Cole threatened to kill him if he did not hand over the money. Cole's written statement corroborates the State's evidence. The only conflicting evidence at trial was Cole's testimony that he was accused of stealing and acted in self-defense. The jury could have found this testimony not credible in light of the other

7

evidence. Taken as a whole, the evidence was more than sufficient to support Cole's attempted first degree murder conviction. Accordingly, the Court denies Cole's claim that that there is insufficient evidence to uphold his conviction.

### B. First Degree Murder

Cole next argues that the State failed to prove the elements of first degree murder beyond a reasonable doubt. Cole asserts that he did not intend to shoot Rodriguez but rather the gun just fired during their struggle. The State responds that in light of the evidence at trial, a reasonable juror could have found that Cole intentionally shot Rodriguez during their struggle.

In evaluating Cole's argument, the Illinois Appellate Court found sufficient evidence to support Cole's first degree murder conviction. The court noted Cole's admission that he had his hand on his gun for the duration of the altercation and pulled the trigger during his struggle with Rodriguez. The court explained that based on this evidence, the jury could have found that Cole intentionally fired the gun to end his struggle with Rodriguez and allow Cole to continue fleeing from the scene. The court also determined that the evidence that Cole's gun required either two separate movements or the application of at least thirteen-and-a-half pounds of pressure to fire supported a finding that Cole intended to fire the gun. The court noted that the jury was free to find Cole's statement that he did not shoot Rodriguez on purpose "self-serving and incredible based on the circumstances." *Id.* at 18.

Again, this Court finds that the Illinois Appellate Court reasonably applied the *Jackson* standard. Testimony from experts and eyewitnesses established that Cole shot Rodriguez in the chest at close range. Cole's testimony at trial demonstrated that Cole possessed the gun and his finger was on the trigger during his entire struggle with Rodriquez. Additionally, the firearms expert testified that Cole's gun required him to cock the hammer and pull the trigger or apply

8

thirteen-and-a-half pounds of pressure to pull the trigger, depending on the mode. Viewed in the light most favorable to the prosecution, a rational trier of fact could have found that Cole intended to shoot Rodriguez. Accordingly, the Court finds sufficient evidence to uphold Cole's first degree murder conviction.

## II. Ineffective Assistance of Counsel

The Court now turns to Cole's ineffective assistance of counsel claims. To establish constitutionally ineffective assistance of counsel, Cole must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In considering the first prong, the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and may not let hindsight interfere with its review of counsel's decisions. *Id.* at 689. For the second prong, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This means a "substantial," not just "conceivable," likelihood of a different outcome in the case. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). The Court need not address both prongs of the *Strickland* test if one provides the answer; that is, if the Court determines that the alleged deficiency did not prejudice Cole, it need not consider the first prong. *See Ruhl v. Hardy*, 743 F.3d 1083, 1092 (7th Cir. 2014).

On habeas review, the Court does not evaluate trial counsel's performance *de novo*; rather, it determines whether the state court's application of *Strickland* was unreasonable. *See Harrington*, 562 U.S. at 101. The Court must give "deference and latitude" to the state court's decision. *Id.* "The bar for establishing that a state court's application of the *Strickland* standard

9

was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *See Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009).

### A. Trial Counsel's Failure to Request Involuntary Manslaughter Instruction

Cole argues that his trial counsel rendered ineffective assistance by failing to request the lesser-included jury instruction for involuntary manslaughter. Cole asserts that his shooting of Rodriguez was reckless, not intentional, and his trial counsel was ineffective for failing to request such instruction and not informing Cole of the option to request the instruction. The State responds that the Illinois Appellate Court's holding that Cole was not entitled to a manslaughter instruction as a matter of state law precludes relief on this claim.

In addressing Cole's claim on post-conviction review, the Illinois Appellate Court first explained that a defendant is entitled to a lesser-included instruction only if there is "'some evidence' in the record that, if believed by the jury, will reduce the crime to a lesser offense." Doc. 12-26 at 12. Relevant here, the court noted that a trial court should not give a manslaughter instruction if the evidence shows the homicide was murder, not manslaughter. In evaluating whether Cole was entitled to an involuntary manslaughter instruction, the court emphasized Cole's knowledge that his gun was a deadly weapon and his use of that deadly weapon against the victims. The court also noted that Cole approached Gonzalez with a loaded gun and threatened to kill him. The court further explained that Cole acknowledged that Rodriguez did not have a weapon and Cole testified that he pulled the trigger during his struggle with Rodriguez, shooting Rodriguez in the chest and killing him. Ultimately, the Illinois Appellate Court determined that Cole was not entitled to an involuntary manslaughter instruction as a matter of state law because the record did not contain evidence that, if believed by the jury, would have reduced Cole's charge to involuntary manslaughter. The court concluded that even

10

if it assumed that the evidence was sufficient to warrant an involuntary manslaughter instruction, Cole failed to show ineffective assistance of counsel under *Strickland*. The court explained that Cole failed to prove that there was a reasonable probability that the instruction would have changed the outcome of his trial and he therefore suffered no prejudice.

The Illinois Appellate Court's determination that Cole was not entitled to an involuntary manslaughter instruction as a matter of state law binds this Court. *See Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law."); *Stevens v. Butler*, No. 15-CV-03523, 2020 WL 3618684, at *4 (N.D. Ill. July 2, 2020) ("[T]he Court is bound by the state court's ruling with respect to its own state law within the *Strickland* analysis." (citing *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010))). Additionally, this Court finds that the Illinois Appellate Court did not unreasonably apply *Strickland*. As the Seventh Circuit has explained, counsel's decision to request a lesser-included jury instruction "dwells in the region of tactics and strategy." *See Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006). That is, counsel may reasonably determine that seeking an instruction for a lesser-included offense might increase the likelihood of a conviction on some charge. *See id.* at 435. Therefore, it was reasonable for Cole's counsel to conclude based on the testimony and evidence against Cole that it was a better strategy not to request the involuntary manslaughter instruction. Further, as the Illinois Appellate Court noted, Cole approached Gonzalez with a loaded gun and threatened to kill him, attempted to re-load his gun during the struggle, and shot his gun at Rodriguez' chest. In addition to these facts, the trial court provided a self-defense instruction, and this fact further indicates that it would have been inconsistent for counsel to seek both instructions. *See Mitchell v. Enloe*, 817 F.3d 532, 539 (7th Cir. 2016) (evidence on the record could not support both a provocation theory and self-defense theory and it likely would have

11

confused the jury to provide a second degree murder instruction based on provocation). Cole has not shown that there is a reasonable probability that the outcome of his trial would have differed had the jury received an involuntary manslaughter instruction. Therefore, Cole's counsel was not ineffective for failing to request an involuntary manslaughter instruction or informing Cole of the option to request such instruction. *See Stevens*, 2020 WL 3618684, at *4 (trial counsel did not provide ineffective assistance by failing to seek a jury instruction regarding a lesser-included charge because the petitioner was not entitled to such instruction); *United States ex rel. Par. v. Hodge*, 73 F. Supp. 3d 895, 905 (N.D. Ill. 2014) (appellate court did not unreasonably apply *Strickland* in concluding that trial attorney's decision not to request an instruction lesser-included offense was part of a reasonable trial strategy). Overall, the Illinois Appellate Court reasonably applied *Strickland*, and this Court denies Cole's claim that his trial counsel was ineffective for failing to request involuntary manslaughter instruction.

### B. Appellate Counsel's Failure to Challenge 130-year Sentence as Excessive

Cole also argues that his appellate counsel provided ineffective assistance by failing to challenge his 130-year sentence as excessive on direct appeal. Cole asserts that the trial judge did not take into account his potential for rehabilitation when sentencing him and his appellate counsel lacked a legitimate strategic purpose for not challenging the sentence. The State responds that the Illinois Appellate Court's holding that Cole's claim would have failed as a matter of state law precludes habeas relief.

The Illinois Appellate Court rejected Cole's claim that his appellate counsel was ineffective for not challenging his sentence. The court appropriately reviewed Cole's ineffective appellate counsel claim under the *Strickland* standard. The court explained that a trial court's sentencing decision is entitled to great deference and an appellate court may not alter a sentence

on review absent an abuse of discretion. The trial court heard from a number of mitigation witnesses who discussed Cole's work history and nonviolent character, and defense counsel argued that Cole's limited criminal history and youth warranted a lesser sentence. The Illinois Appellate Court noted that in announcing Cole's sentence, the trial court considered and enumerated all statutory aggravating and mitigating factors. The court explained that the trial court had the option of sentencing Cole to a term of natural life imprisonment but chose not to do so, suggesting that the trial court considered mitigating factors such as Cole's age. The Illinois Appellate Court concluded that even if Cole's counsel had challenged the sentence on appeal, such challenge would have failed because the record indicates that the trial court considered Cole's age and other mitigating evidence in imposing his sentence. Therefore, the court held that appellate counsel's failure to challenge the sentence on direct review did not prejudice Cole and Cole failed to make a substantial showing of ineffective assistance.

This Court finds that the Illinois Appellate Court reasonably applied *Strickland* in rejecting Cole's claim that his appellate counsel was ineffective. The Illinois Appellate Court correctly noted the broad discretion that trial courts have in sentencing a defendant. Moreover, here, the facts suggest that the trial court did consider Cole's age and other mitigating factors during sentencing. Therefore, Cole cannot show that he was prejudiced by his appellate counsel's failure to challenge the sentence as excessive because the trial court gave appropriate weight to mitigating factors and sentenced Cole below the maximum. Moreover, appellate counsel is not required to raise every issue on appeal, thus, "appellate counsel's performance is deficient under *Strickland* only if she fails to argue an issue that is both 'obvious' and 'clearly stronger' than the issues actually raised." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015). Cole's appellate counsel raised a number of arguments on direct appeal, including ineffective

13

assistance of counsel and insufficient evidence to support Cole's first degree and attempted first degree murder convictions. It would not have been "obvious" and "clearly stronger" for Cole's counsel to have raised an excessive sentence claim on direct appeal given counsel's arguments that the appellate court should reverse Cole's convictions. *See Makiel*, 782 F.3d at 898. Overall, Cole has not shown that his appellate counsel provided ineffective assistance, especially in light of the evidence at trial. Cole presented evidence of his rehabilitate potential based on his youth, limited criminal history, and mitigation witnesses, the majority of whom were related to him. The State presented aggravating factors including the death and severe injury to the victims and Cole's possession and use of a deadly weapon. Cole cannot show that his appellate counsel provided ineffective assistance under *Strickland*.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if the petitioner can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The requirement of a certificate of appealability is a threshold issue, and a determination of whether one should issue a certificate neither requires nor permits full consideration of the factual and legal merits of the claims. "The

question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds no showing of a substantial constitutional question for appeal because reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Cole's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Dated: July 13, 2020

_____
SARA L. ELLIS
United States District Judge